IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LILLIAN CHILLUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| ANGELIQUE FURTNEY, Star No. 12002, | ) |
| MATTHEW BERNHARDT, Star No. 1386, | ) |
| KENOSHA COUNTY DEPUTY SHERIFF, Star | ) |
| No. 1202, KENOSHA COUNTY, P.O. ANNE | ) |
| GREENFIELD, and the CITY OF KENOSHA, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff in the above-captioned case, LILLIAN CHILLUS ("CHILLUS"), by and through her attorney, and complains against the Defendants, ANGELIQUE FURTNEY, Star No. 12002, MATTHEW BERNHARDT, Star No. 1386, KENOSHA COUNTY DEPUTY SHERIFF, STAR NO. 1202, name unknown, KENOSHA COUNTY, P.O. ANNE GREENFIELD, and the CITY OF KENOSHA, and each of them, and demands a jury trial, as follows:

### Nature of the Action

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, against ANGELIQUE FURTNEY, MATTHEW BERNHARDT, and KENOSHA COUNTY DEPUTY SHERIFF, Star No. 1202, each officers of the Kenosha County Sheriff's Office, in their individual capacities, against the COUNTY OF KENOSHA, based upon indemnification, against

1

Police Officer ANNE GREENFIELD of the Kenosha Police Department, in her individual capacity, and against the CITY OF KENOSHA, based upon indemnification.

## Jurisdiction and Venue

2. This Court has jurisdiction over the subject matter of this action under Sections 1331, 1343(a)(3) and (4), and 1367 of Title 28 of the United States Code because this action arises under the Constitution and laws of the United States, and because it is brought to redress the deprivation of the Plaintiff's federal constitutional rights.

3. Venue is proper in this District under Section 1391(b)(1) and (2) of Title 28 of the United States Code because all events and omissions giving rise to this action occurred within the Eastern District of Wisconsin and because the Defendants reside within the Eastern District of Wisconsin.

## Parties

4. The Plaintiff is a citizen of the United States and the State of Illinois.

5. Defendants, FURTNEY, BERNHARDT, and KENOSHA COUNTY DEPUTY SHERIFF, Star No. 1202, name unknown, are citizens of the United States and the State of Wisconsin. At all times material, they were employed as sheriff's officers by the Defendant COUNTY OF KENOSHA. As sheriff's officers, they each have and, in fact, exercised the authority to detain, search, and imprison individuals brought into the Kenosha County Jail. For the purposes of the federal law claims asserted in this action, they are sued in their individual capacities only. At all times and in all matters material, they acted under the color of the law of the State of Wisconsin and within the scope of their respective duties in connection with their employment by the County of Kenosha.

2

6. The Defendant COUNTY OF KENOSHA ("COUNTY") is a body politic operating under the Constitution and laws of the State of Wisconsin. As part of its function, it operates a sheriff's department authorized to enforce the laws of the State of Wisconsin. At all times material, it employed the Defendants FURTNEY, BERNHARDT, and KENOSHA COUNTY DEPUTY SHERIFF, Star No. 1202, name unknown, as deputy sheriffs and governed and regulated said Defendants in the exercise of their official duties and the course of their employment.

7. Defendant GREENFIELD is a are citizen of the United States and the State of Wisconsin. At all times material, she was employed as a police officer by the Defendant CITY OF KENOSHA. As a police officer, she has and, in fact, exercised the authority to detain, search, and transport individuals suspected of criminal activity. For the purposes of the federal law claims asserted in this action, she is sued in her individual capacity only. At all times and in all matters material, she acted under the color of the law of the State of Wisconsin and within the scope of her duties in connection with her employment by the CITY OF KENOSHA.

8. The Defendant CITY OF KENOSHA ("CITY") is a municipal corporation operating under the Constitution and laws of the State of Wisconsin. As such, it operates a police department authorized to enforce the laws of the State of Wisconsin. At all times material, it employed the Defendant GREENFIELD and governed and regulated said Defendant in the exercise of her official duties and the course of her employment.

**Count I – 42 U.S.C. § 1983**
**Excessive Force**

9. In this action, CHILLUS seeks damages arising out of the constitutionally

3

violative arrest of Plaintiff's person on September 9, 2010.

10. On September 9, 2010, Police Officer GREENFIELD transported Plaintiff from the City of Kenosha Police Department to the Kenosha County Jail. During the course of transport, Officer GREENFIELD placed and maintained handcuffs on Plaintiff in an unnecessarily tight and painful manner and then held Plaintiff's arm in a painful manner. Moreover, Officer Greenfield hit a portion of Plaintiff's body against the squad car when placing Plaintiff in the car for transport. Plaintiff was physically injured by these actions. None of these actions were justified given Plaintiff's cooperation with law enforcement officials.

11. After arriving at the Jail and remanding Plaintiff to the custody of the KENOSHA COUNTY SHERIFF'S DEPARTMENT, upon information and belief, Officer GREENFIELD stood silent as Sheriff's Officers, namely officers FURTNEY, BERNHARDT, KENOSHA COUNTY DEPUTY SHERIFF, Star No. 1202, and others who have not been identified, jumped and beat upon Plaintiff without any legal justification. At no time was Plaintiff resisting arrest or interfering with any lawful process.

12. By using excessive and unlawful force against Plaintiff and/or permitting others to engage in the use of excessive force, Defendants GREENFIELD, FURTNEY, BERNHARDT, and KENOSHA COUNTY DEPUTY SHERIFF, Star No. 1202, violated Plaintiff's right to be free from unreasonable searches and seizures and deprived Plaintiff of the rights secured to her by the Fourth Amendment to the United States Constitution, as made applicable to the Defendants by the due process clause of the Fourteenth Amendment.

13. At all times relevant hereto, the Defendants GREENFIELD, FURTNEY, BERNHARDT, and KENOSHA COUNTY DEPUTY SHERIFF, Star No. 1202, were acting

under color of law, and their individual and/or concerted conduct as described herein was done with deliberate indifference to the rights of the Plaintiff.

14. As a direct and proximate result of the Defendants' actions, and each of them, Plaintiff has suffered physical pain and injury, disability, extreme mental anguish, embarrassment, and humiliation.

WHEREFORE the Plaintiff demands a trial by jury and respectfully requests that this Court award to her and against the Defendants, GREENFIELD, FURTNEY, BERNHARDT, and KENOSHA COUNTY DEPUTY SHERIFF, Star No. 1202, and each of them as follows:

A. Nominal damages in an amount to be determined at trial;

B. Compensatory damages in an amount to be established at trial;

C. Punitive damages in an amount to be determined at trial;

D. Her reasonable attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, in an amount to be established at an appropriate hearing; and

E. Such other and further relief as this Court shall deem just and proper.

## Count II. – 42 U.S.C. § 1983
## Fourth Amendment Conspiracy

15. The Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 14 of this Complaint as if restated in full in this Count II.

16. At all relevant times, the Plaintiff enjoyed and possessed a right under the Fourth Amendment to be free from unreasonable searches and seizures and to be secure in her personal effects and property.

17. At all relevant times, the Defendants, GREENFIELD, FURTNEY, BERNHARDT,

and KENOSHA COUNTY DEPUTY SHERIFF, Star No. 1202, and as well as-yet unknown co-conspirators, accomplished an unlawful result through individual and/or concerted action, including excess force and/or failing to intervene in the use of excess force against the Plaintiff, agreeing not to report each other after witnessing and/or using excess force relative to the Plaintiff, and failing to generate documentation or to maintain video evidence of the excessive force, in that, they agreed, through explicit or implicit means, to effect the excessive force as herein described. Defendants acted in concert to deprive Plaintiff of her constitutional rights.

18. At all times relevant hereto, the Defendants GREENFIELD, FURTNEY, BERNHARDT, and KENOSHA COUNTY DEPUTY SHERIFF, Star No. 1202, were acting under color of law, and their individual and/or concerted conduct as described herein was done with deliberate indifference to the rights of the Plaintiff.

19. As a direct and proximate result of Officers GREENFIELD, FURTNEY, BERNHARDT, and KENOSHA COUNTY DEPUTY SHERIFF, Star No. 1202, and each of them, intentionally, knowingly, unlawfully and unconscionably acting in the manner aforesaid, Plaintiff has and will suffer physical injury, disability, pain suffering, and humiliation and severe emotional distress and has been deprived of certain rights and privileges as a citizen of the United States.

WHEREFORE the Plaintiff demands a trial by jury and respectfully requests that this Court award to him and against Defendants GREENFIELD, FURTNEY, BERNHARDT, and KENOSHA COUNTY DEPUTY SHERIFF, Star No. 1202, and each of them:

 A. Nominal damages in an amount to be determined at trial;

 B. Compensatory damages in an amount to be established at trial;

 C. Punitive damages in an amount to be determined at trial;

D.  Her reasonable attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, in an amount to be established at an appropriate hearing; and

E.  Such other and further relief as this Court shall deem just and proper.

### Count III – State Law - Indemnity

20. The Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 19 of this Complaint as if restated in full in this Count III.

21. At all relevant times, Defendants, each of them, were acting on behalf of and/or within the scope of their employment with the Defendant, COUNTY OF KENOSHA, Sheriff's Department. At all relevant times, Defendant GREENFIELD was acting on behalf of and/or within the scope of her employment with the Defendant, CITY OF KENOSHA,

22. As a result of the Defendants' conduct, as described herein, Plaintiff is seeking monetary damages, attorney's fees and costs.

23. Wisconsin directs local public entities to pay any tort judgment or settlement for which it or an employee, while acting within the scope of his employment, is liable. Wis.Stat.Sec. 895.46.

WHEREFORE, the Plaintiff demands judgment against the Defendant CITY OF KENOSHA for the acts of GREENFIELD, and Defendant COUNTY OF KENOSHA for the acts of FURTNEY, BERNHARDT, and KENOSHA COUNTY DEPUTY SHERIFF, Star No. 1202, and as indemnor, for compensatory damages awarded against or agreed to be paid by the Defendants, and each of them, as such amounts may be adjudged or determined, that any law enforcement, court or other official record created or generated as a result of the unconstitutional acts alleged herein be expunged, and any other relief the Court deems just and appropriate.

Respectfully submitted,
LILLIAN CHILLUS

s/ Deidre Baumann

_____
By:     One of Her Attorneys

Baumann & Shuldiner
20 South Clark Street, Suite 500
Chicago, Illinois 60603

(312) 558-3119

8